Michael N. Cohen (SB# 225348)
  *mcohen@cohenip.com*
Joshua H. Eichenstein (SB#299392)
  *jeichenstein@cohenip.com*
COHEN IP LAW GROUP
A Professional Corporation
9025 Wilshire Boulevard, Suite 301
Beverly Hills, California  90211
Phone: (310) 288-4500 • Fax: (310) 246-9980

Attorneys for Plaintiff,
MICHAEL CRAM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT COURT OF CALIFORNIA
### CENTRAL DIVISION

| | |
|---|---|
| MICHAEL CRAM, an individual, d.b.a. PACIFIC PRODUCTIONS<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL PICTURES, INC., a Delaware corporation; UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP; a Delaware Limited partnership; UNIVERSAL STUDIOS HOME ENTERTAINMENT, LLC, a Delaware Limited Liability company;; SETH MACFARLANE, an individual; FUZZY DOOR PRODUCTIONS, INC. a California corporation; MEDIA RIGHTS CAPITAL L.P., a Delaware Limited partnership; MRC II DISTRIBUTION COMPANY, L.P., a Delaware Limited partnership; TARGET CORPORATION, a Minnesota Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE No. 2:15-cv-01359<br><br>**COMPLAINT:**<br><br>**(1) FEDERAL TRADE DRESS INFRINGMENT [LANHAM ACT]**<br><br>**(2) FALSE DESIGNATION OF ORIGIN [LANHAM ACT];**<br><br>**(3) COMMON LAW UNFAIR COMPEITION;**<br><br>**(4) UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS CODE SECTION 17200;**<br><br>**(5) COMMON LAW TRADE DRESS INFRINGMENT; and**<br><br>**(6) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE.**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff, Michael Cram, dba Pacific Productions (hereinafter "Plaintiff") alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action for trade dress infringement and unfair competition in which Plaintiff seeks an injunction, monetary damages, and other appropriate relief arising from Defendants' (as defined herein below) violation of 15 U.S.C. §§ 1125(a), the laws of the State of California, and the common law.

2. Subject matter jurisdiction is based on 28 U.S.C § 1331 (federal question) and § 1338(a) (a civil action arising under any act of Congress relating to trademarks), as well as under the Lanham Act, 15 U.S.C. § 1121(a). This court has supplemental jurisdiction over Plaintiff's claims arising under California state law pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391(b) because the events or omissions giving rise to the claims pled herein occurred in this judicial district and Defendants are transacting business within this district.

## PARTIES

4. Plaintiff Michael Cram ("Plaintiff"), is an individual residing in the state of California, and since 2009 has been doing business under the fictitious business name, Pacific Productions.

5. Plaintiff is informed and believes and based thereon alleges, that Defendant Universal Pictures, Inc. ("Universal") is, and at all times relevant, a Delaware limited liability company, with its principle place of business in California. Plaintiff is further informed and believes that Defendant owns and operates a Motion Picture Studio and it's subsidiaries throughout Los Angeles County.

6. Plaintiff is informed and believes and based thereon alleges, that Defendant Universal Studio Home Entertainment, LLC ("Universal Home") is, and at all times relevant, a Delaware limited liability company, with its principle place of business in California.

7. Plaintiff is informed and believes and based thereon alleges, that Defendant Universal City Studio Home Entertainment, LLC ("Universal City") is, and at all times relevant, a Delaware limited liability company, with its principle place of business in California.

8. Plaintiff is informed and believes and based thereon alleges, that Defendant Seth MacFarlane ("MacFarlane") is, and at all times relevant, a resident of the County of Los Angeles, California.

9. Plaintiff is informed and believes and based thereon alleges, that Defendant Fuzzy Door Productions, Inc. ("Fuzzy Door") is, and at all times relevant, a California corporation, with its principle place of business in California. Fuzzy Door is, on information and belief, the production company associated with MacFarlane.

10. Plaintiff is informed and believes and based thereon alleges, that Defendant Media Rights Capital L.P. ("MRC") is, and at all times relevant, a Delaware limited partnership, with its principle place of business in California. MRC is, on information and belief, is an entity involved with the unlawful acts herein.

11. Plaintiff is informed and believes and based thereon alleges, that Defendant MRC II DISTRIBUTION COMPANY, L.P. ("MRC II") is, and at all times relevant, a Delaware limited partnership, with its principle place of business in California. MRC II is, on information and belief, is an entity involved with the unlawful acts herein.

12. Plaintiff is informed and believes and based thereon alleges, that Defendant Target Corporation. ("Target") is, and at all times relevant, a Minnesota corporation, owning hundreds of retail outlets throughout the United States with its principle place of business in Minnesota.

13. Plaintiff is unaware of the names and true capacities of defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore are sued herein under fictitious name. Plaintiff is informed and believes and thereon alleges, that Does 1 through 10, and each of them are responsible in some manner for the occurrences alleged herein and that Plaintiff's damages were proximately caused by such defendants. Plaintiff will seek leave of Court to amend this complaint to allege their true names and capacities when they have been ascertained. (Universal, Universal Home, Universal City, MacFarlane, Fuzzy Door, MRC, MRC II, Target Corporation, and Does 1 through 10 are referred to collectively as Defendants.)

**BACKGROUND FACTS**

14. Plaintiff is an inventor, designer, and distributor of his own consumer products for the past 20 years.

15. Plaintiff is the owner, inventor, designer, and wholesale seller of The Talking Bottle Opener (hereinafter "Plaintiff's Product").

16. Plaintiff's Product is a uniquely designed bottle opener with proprietary subject matter that incorporates electronic, chip-based sound-activation elements capable of reproducing pre-recorded voices in "talking" bottle openers and "talking" beer mugs.

17. Since its introduction, Plaintiff's Product has been extremely successful. Plaintiff made licensing deals with over sixty-one NCAA schools,

1  Major League Baseball, NASCAR, the National Football League, and movie and
2  television studios to incorporate Plaintiff's Product with their logos and sounds.

3        18.    Plaintiff is the founder and president of Pacific Direct, Inc. a
4  Washington Corporation. Plaintiff handled all the business operations for Plaintiff's
5  Product through Pacific Direct, Inc. from approximately 2001 to 2008. Beginning
6  around 2009, Plaintiff, handled all business operation for Plaintiff's Product under
7  the fictitious business name, Pacific Productions.

8        19.    Sometime between 2001 and 2002 Plaintiff contacted Defendant,
9  Target Corporation at their headquarters in Minneapolis to pitch Plaintiff's Product.

10       20.    Sometime in 2002, Defendant, Target placed their first order for 36,000
11 units from Plaintiff. Plaintiff's Product was so successful that Target continued to
12 order thousands of more units per week for approximately 1.5 years.

13       21.    Plaintiff, while operating Pacific Direct Inc., primarily sold its products
14 to retailers totaling with over 11,000 accounts including major chains such as: Bed
15 Bath and Beyond, Macy's, Dillard's, and Target.

16       22.    Between 2001 and 2015, Plaintiff is informed and believes that
17 Plaintiff's Product has sold over 10 million units worldwide.

18       23.    Plaintiff has invested substantial resources in creating a distinctive
19 design and appearance for Plaintiff's Product and product packaging, and in
20 advertising, promoting, distributing, offering for sale, and/or selling.

21       24.    When Plaintiff's Product was introduced to the market, it was the only
22 item of its kind on sale. In order to protect itself from future competitors, Plaintiff
23 adopted creative and original designs and commenced use of, and continues to use
24 the following but not limited to:

25 - The original and creative shape of the plastic handle;
26 - The "C" shape of the metal opener;
27 - The no-button activation technology;
28

- The weight and length of the packaging;
- The intentional use of a single solid color on every bottle opener;
- The use and placement of a single licensed image below the speaker holes;
- The original and creative circular design of speaker holes;
- The eight speaker holes, with one in the middle;
- The placement of speaker holds in the middle of the handle;
- The quality of sound;
- The length of time each sound plays;
- The triggering of the sound by pressure on the metal opener;
- "Pacific Direct" and/or "Pacific Productions" warranty on the back of each package.

Taken together, these non-functional, distinctive, original, and arbitrary choices created Plaintiff's Product's protectable trade dress. (hereinafter, "Plaintiff's Trade Dress.")

25. Plaintiff's Trade Dress listed above serves to identify and distinguish Plaintiff's Product which includes designs and features that inherently distinctive and/or have acquired secondary meaning.

26. Plaintiff, has been continuously selling thousands of units each year since October 2001 while operating Pacific Direct Inc., and also as an individual d.b.a. Pacific Productions.

27. Plaintiff has achieved worldwide fame and notoriety for creating Plaintiff's Product. Plaintiff and Plaintiff's Product was the subject of the film, "Ingenious" starring two-time Academy Award Nominee, Jeremy Renner, and two-time Screen Actor Guild Nominee, Dallas Roberts. Ingenious is a biographical film about Plaintiff's achievement of the American dream of inventorship and the ultimate worldwide success of Plaintiff's Product. During 2009, "Ingenious" was

screened around the world during the film festival circuit, and appeared at 10 film festivals in cities ranging from Santa Barbara to Jerusalem.



28. "Ingenious" is available throughout the world through streaming on Amazon.com, and also on DVD in various languages. The film has various titles and translations throughout the world such as: "Golpe de Gênio" in Brazil, "Ingénieux" in French-Canadian translations, "Une idée de genie" in France, and "Marifetli" in Turkey.

29. On or around December 2006, Twentieth Century Fox Licensing and Merchandising, a division of Fox Entertainment Group, Inc. and Plaintiff executed a license agreement for Plaintiff to incorporate the "FAMILY GUY" sounds and images with Plaintiff's Product.

30. On or around June 2012, Defendants, Universal Pictures, MRC, MRC II, and Fuzzy Door Productions released the film "TED" in theaters, and to DVD several months later.

31. Upon information and belief, Defendant Seth Macfarlane is one of the writers and directors of the movie "TED" as well as the "FAMILY GUY" television show.

32. On December 12, 2012, Defendant, Universal Studios Home Entertainment released a special edition Blu-Ray/DVD of "TED" that was packaged with a talking bottle opener that is identical to Plaintiff Product, priced at $25.99. (Hereinafter "Infringing Bottle Opener").

33. In and around September 2013, Plaintiff became aware of the Infringing Bottle Opener. Below are photos comparing the Plaintiff's Trade Dress and Infringing Bottle Opener.

Plaintiff's Trade Dress     Defendants' Infringing Bottle Opener

   

Plaintiff's Trade Dress     Defendants' Infringing Bottle Opener

   



34. Plaintiff promptly began to investigate the Infringing Bottle Opener and quickly discovered that it was practically an identical knock-off of Plaintiff's Product.

35. Upon information and belief, Defendants, Seth Macfarlane and Fuzzy Door Productions had prior knowledge of Plaintiff's ownership rights over Plaintiff's Product as their program, FAMILY GUY was licensed to Plaintiff.

36. Plaintiff is informed and believes that Defendants Universal, Universal Home, Universal City, Fuzzy Door, MRC, and MRC II were involved in selling the Infringing Bottle Opener exclusively to Defendant Target Corporation.

37. Upon information and belief, Defendant Target Corporation had prior knowledge of Plaintiff's ownership and rights to Plaintiff's Product due to their prior business relationship.

38. Upon information and belief, Defendants, with actual and/or constructive notice of Plaintiff's Trade Dress and the extensive and continuous use of same, have manufactured, advertised, distributed in commerce, offered and/or sold products that unlawfully counterfeit and infringe Plaintiff's Trade Dress.

39. Upon information and belief, Defendants without Plaintiff's license, approval, permission or consent have engaged in the manufacture, advertising, distribution in commerce, offering for sale and/or sale of the Infringing Bottle Opener.

40. Defendant's use of Plaintiff's Trade Dress deprives Plaintiff of the opportunity to exercise its exclusive right to exploit the substantial goodwill Plaintiff developed in association with the Trade Dress.

41. Upon information and belief, Defendant's Infringing Bottle Opener has caused, is causing, and will continue to cause damage to plaintiff's reputation and goodwill and to the value of Plaintiff's Trade Dress. Plaintiff has no way to control what goods and/or services are sold, or offered for sale, or what goods and/or services defendants intend to offer, under their use of the Infringing Bottle Opener. Therefore, the reputation, goodwill, and standards of excellence Plaintiff has worked to achieve will be in jeopardy. Any problems that arise in connection with Defendants' use or intended use of the Infringing Bottle Opener will negatively and detrimentally impact Plaintiff and the trust Plaintiff has worked to gain among its customers and the consuming public at large.

42. Furthermore, Infringing Bottle Opener is identical to Plaintiff's Trade Dress, and has caused actual confusion.

43. Plaintiff lacks an adequate remedy at law.

## FIRST CLAIM FOR RELIEF
## (FEDRAL TRADE DRESS INFRINGEMENT)

44. Plaintiff repeats and realleges the allegations in paragraphs 1 through 43 as set forth fully herein.

45. Since as early as October 2001, Plaintiff continuously used Plaintiff's Trade Dress in international and/or interstate commerce to identify Plaintiff's Product and to distinguish it from others. The trade dress described hereinabove, is comprised of distinctive features which are protected under the Lanham Act § 43, as amended, 15 U.S.C. §1125(a). Plaintiff's Trade Dress is either inherently distinctive

-10-

or, as a result of its use, has acquired secondary meaning whereby the relevant consuming public and trade associates these features with a single source, Plaintiff.

46. Upon information and belief, commencing at some time unknown to Plaintiff and continuing for an unknown time, Defendants without Plaintiff's consent, have manufactured, advertised, offered for sale and/or engaged in the sale and distribution and/or used in commerce of the Infringing Bottle Opener.

47. Defendants have without permission, willfully, and with the intention of benefiting from the reputation and good will of Plaintiff, copied each and every detail of Plaintiff's Trade Dress.

48. There is a high likelihood of confusion to consumers between Plaintiff's Product and Infringing Bottle Opener.

49. As a consequence, Infringing Bottle Opener is likely to deceive and divert and has deceived and diverted customers away from the genuine Plaintiff's Product/Plaintiff's Trade Dress.

50. The conduct of Defendants, as alleged in the foregoing paragraphs constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), which prohibits the use in commerce in connection with the sale of goods or rendering of any services of any word, term, name, symbol, or device, or any combination thereof which is likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods or services.

51. As a direct and proximate result of the willful and wanton conduct of Defendants, Plaintiff has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendants are restrained by the Court from infringing the Plaintiff's Trade Dress.

52. Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(d).

53. Plaintiff is entitled to recover its actual damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a); damages pursuant to 15 U.S.C. § 1117(a) and (b); and that attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); seizer of all infringing goods pursuant to 15 U.S.C. §1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. §1118.

## SECOND CLAIM FOR RELIEF
## (FALSE DESIGNATION OF ORIGIN [LANHAM ACT])

54. Plaintiff repeats and realleges the allegations in paragraphs 1 through 53 as set forth fully herein.

55. The Plaintiff's Product is nonfunctional and its inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Plaintiff as the source of this exact goods.

56. Defendants' promotion, advertising, distribution, sale and/or offering for sale identical talking bottle openers bundled together with Defendants products together with other indicia associated with Plaintiff is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products, and is intended, and is likely to cause such parties to believe in error that Defendants identical products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff.

57. Defendants' use of Plaintiff's Trade Dress is without Plaintiff's permission or authority and is in total disregard of Plaintiff's rights.

58. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

59. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibited Defendants from using Plaintiff's Trade Dress, or any Trade Dress confusingly similar thereto, and to recover all damages, including attorney's fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as costs of this action.

## THIRD CLAIM FOR RELIEF
## (UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200)

60. Plaintiff repeats and realleges the allegations in paragraphs 1 through 59 as set forth fully herein.

61. The above described use by Defendants of trade dress and references confusingly similar to the Plaintiff's Trade Dress and Defendants' other conduct set out above falsely suggests an association with, sponsorship by, licensing by or authorization by Plaintiff.

62. Upon information and believe, the above described use by Defendants of trade dress, confusingly similar to the Plaintiff's Trade Dress for a line of products similar to those sold and/or licensed by Plaintiff, and its other conduct as set out above was calculated to deceive or confuse the public and to profit unjustly from the goodwill and reputation of Plaintiff.

63. The wrongful conduct alleged herein constitutes unlawful, unfair and/or fraudulent business acts or practices under the Business and Professions Code §17200 *et seq*.

64. Plaintiff is informed and believes and thereon alleges that Defendants undertook the acts alleged above willfully, for the purpose of enriching themselves to Plaintiff's detriment.

65. Plaintiff is entitled to disgorgement of profits earned by Defendants as a direct and proximate result their unlawful and/or unfair business acts or practices.

66. Defendants threaten to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable damage. It would be difficult to ascertain the amount of compensation that could afford Plaintiff relief for such continuing acts, and multiplicity of judicial proceedings would be required. Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

### FOURTH CLAIM FOR RELIEF
### (COMMON LAW UNFAIR COMPETITION)

67. Plaintiff repeats and realleges the allegations in paragraphs 1 through 66 as set forth fully herein.

68. The above described use by Defendants of trade dress and references confusingly similar to the Plaintiff's Trade Dress and Defendants' other conduct set out above falsely suggests an association with, sponsorship by, licensing by or authorization by Plaintiff.

69. Upon information and believe, the above described use by Defendants of trade dress, identical and/or confusingly similar to the Plaintiff's Trade Dress for a line of products identical and/or similar to those sold by Plaintiff, and its other conduct as set out above was calculated to deceive or confuse the public and to profit unjustly from the goodwill and reputation of Plaintiff. Defendants' actions constitute unfair competition with Plaintiff under the laws of the State of California.

70. As a direct and proximate result of the willful and wanton conduct of Defendants, Plaintiff has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendants are restrained by the Court from unfairly competing with Plaintiff.

71. Plaintiff has no adequate remedy at law.

## **FIFTH CLAIM FOR RELIEF**
## **(COMMON LAW TRADE DRESS INFRINGMENT)**

72. Plaintiff repeats and realleges the allegations in paragraphs 1 through 71 as set forth fully herein.

73. The conduct of Defendants, as alleged in the foregoing paragraphs constitutes trade dress infringement in violation of common law protections.

74. As a direct and proximate result of the willful and wanton conduct of Defendants, Plaintiff has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendants are restrained by the Court from infringing the Plaintiff's Trade Dress.

75. Plaintiff is entitled to an award of damages from Defendants for the loss of business and other monetary losses the Plaintiff has suffered and will continue to suffer in the future as a proximate result of Defendant's wrongful actions of infringement and misappropriation. Alternatively, Plaintiff is entitled to recovery damages in an amount equivalent to the amount of profits that Defendants have derived and may continue to derive as the result of their unlawful misappropriation and infringement of Plaintiff's trade dress.

76. Plaintiff has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## (INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

77. Plaintiff repeats and realleges the allegations in paragraphs 1 through 76 as set forth fully herein.

78. Plaintiff alleges that the following Defendants, Universal, Universal Home, Universal City, MacFarlane, Fuzzy Door, MRC, and MRC II intentionally interfered with an economic relationship between Plaintiff and Target Corporation that would have resulted in an economic benefit to Plaintiff.

79. Plaintiff and Defendant Target had prior business dealings involving Plaintiff's Product/ Plaintiff's Trade Dress.

80. Plaintiff alleges that due to Plaintiff's fame and notoriety, and past sales of Plaintiff's Product to Target, each and every Defendant had knowledge of the business relationship.

81. Plaintiff alleges that the above mentioned Defendants engaged in wrongful conduct by manufacturing identical talking bottle openers and packaging them with "TED" Blu-ray's sold exclusively through Target whereby disrupting Plaintiff's relationship with Target.

82. Plaintiff and Target's relationship was disrupted by Defendants selling Target products that wrongfully copied Plaintiff's Trade Dress and Plaintiff's Product.

83. As a direct and proximate result of the willful and wanton conduct of Defendants, Plaintiff has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendants are restrained by the Court from infringing the Plaintiffs Trade Dress.

84. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following judgment against Defendants:

1. Preliminarily, during the pendency of this action, and permanently after final hearing, enjoining Defendants from:

   a. Making any unauthorized use of Plaintiff's Trade Dress in and to the Product, or any reproduction, counterfeit, copy or colorable imitation thereof, or any trade dress or marks similar thereto, or any other of Plaintiff's Trade Dress in connection with the sale of any goods or rendering of any services;

   b. Manufacturing, distributing, advertising, marketing, promoting, offering for sale, or selling any goods, promotional materials and the like bearing a reproduction, counterfeit, copy or colorable imitation of Plaintiff's Product and trade dress rights thereto;

   c. Using any trade dress that may be calculated to falsely represent or that has the effect of falsely representing that the services or products of Defendants are sponsored by, originate with, or are in any way approved by Plaintiff.

   d. Falsely representing themselves or their goods or services as affiliated connected or associated with Plaintiff.

   e. Assisting, aiding, or abetting any other person or entity from engaging in any of the acts set forth in (a) through (e) above;

2. Requiring Defendants to pay Plaintiff such actual damages as it has sustained as a result of the infringement of Plaintiff's Trade Dress and acts of unfair competition, pursuant to 17 U.S.C. § 504(a) and (b) and 15 U.S.C. § 1117(a) and common law.

3. Requiring Defendants to account for and pay over to Plaintiff all gains, profits and advantages derived by them or any of them from their respective trade

dress infringements, and unfair competition, pursuant to 15 U.S.C. §1117(a) and common law.

4. Ordering Defendants to pay as damages for their conduct alleged herein a sum equal to **nine times** the amount of the actual damages suffered by Plaintiff.

5. Ordering Defendants to pay an appropriate amount as punitive damages to deter willful and wanton conduct such as theirs and to avoid future confusion or deception of the public and unfair competition with Plaintiff pursuant to 15 U.S.C. § 1117(a).

6. Ordering Defendants to pay for corrective advertising in each and every publication in which any of them advertised any of the Infringing Bottle Opener and any other good that infringe Plaintiff's Trade Dress, such corrective advertisements to be of comparable size as such prior advertising.

7. Ordering Defendants to sequester, forfeit and deliver up for destruction all Infringing Bottle Opener and components thereof in their possession or control, or in the possession or control of any of their agents, and any and all other goods that infringe Plaintiff's Trade Dress, pursuant to 15 U.S.C. § 1116 and 1118.

8. Directing that Defendants deliver up for destruction all catalogues, advertising and promotional materials in their possession, custody or control or in the possession, custody or control of any of their agents that feature any of the Infringing Bottle Opener and any other goods that infringe Plaintiff's Trade Dress, or that the Court shall find to have facilitated Defendants' acts of unfair competition with Plaintiff, pursuant to 15 U.S.C. § 1116 and 1118.

9. Declaring this case to be an exceptional case within the meaning of 15 U.S.C. § 1117.

10. Awarding Plaintiff its costs and attorneys' fees incurred in this action pursuant to 15 U.S.C. § 1117(a); and

11. For such other and further relief as the Court deems just, equitable and proper.

Dated: February 25, 2015

COHEN IP LAW GROUP, P.C.
9025 Wilshire Blvd., Suite 301
Beverly Hills, CA 90211

By: /s/ Michael N. Cohen
Michael N. Cohen
Joshua H. Eichenstein
Attorneys for Plaintiff
MICHAEL CRAM

# JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, the Plaintiff asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues.

Dated: February 25, 2015
COHEN IP LAW GROUP, P.C.
9025 Wilshire Blvd., Suite 301
Beverly Hills, CA 90211

By: /s/ Michael N. Cohen
Michael N. Cohen
Joshua H. Eichenstein
Attorneys for Plaintiff
MICHAEL CRAM